IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

CHARLES ASHFORD                                                    PETITIONER
ADC #133975


V.                              CASE NO. 5:11CV00132 DPM-JTK


RAY HOBBS, *Director*
Arkansas Department of Correction                                  RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge D. Price Marshall Jr.   Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a  hearing is granted)  was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Charles Ashford, an inmate in the Arkansas Department of Correction (ADC), has filed a petition for habeas corpus relief.  In his petition, Ashford challenges judgments of conviction from Pulaski County Circuit Court and Lincoln County Circuit Court.[1]  The Petition lists the following grounds for relief:

1.    Ineffective assistance of counsel;

---

[1]Ashford entered into negotiated pleas of guilty in Pulaski County Circuit Court on July 21, 2005, in five separate cases–two probation-revocation charges on residential burglary, one count of residential burglary, one count of the theft of property, one count of reckless burning, and one county of first degree terroristic threatening.  He received a concurrent term of ten years in the ADC.  Respondent's Response, DE # 9, Exhibit A.  He also entered a negotiated guilty plea in Lincoln County Circuit Court for aggravated assault on an officer on February 23, 2011, and is serving a concurrently-run eighteen month sentence.  *See id.* at Exhibit B.

2.      Ignorance of the law;

3.      The trial courts erred by not recognizing Petitioner's mental health condition;

4.      Actual innocence.

Petition, DE #2, 5-9.    In response to the petition, Respondent contends that the stated grounds for relief are time barred, or alternatively, procedurally barred.  Response, DE #9, at 2. Respondent also correctly points out that Petitioner's habeas petition violates Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Court.[2]  While Petitioner is not in compliance with the rule, the Court finds it in the interest of judicial economy to dismiss this petition on other grounds as explained below.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) and (c) (requiring federal habeas petitioner to pursue all remedies available in state courts).  When a habeas petitioner fails to raise his federal claims in the state courts in a timely and proper manner, he "deprives the State of 'an opportunity to address those claims in the first instance' and frustrates the State's ability to honor his constitutional rights." *Cone v. Bell*, 556 U.S. 449, ___, 129 S. Ct. 1769, 1780 (2009).  Therefore, when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with

---

[2]Rule 2(e) requires a petitioner seeking relief from judgments of more than one state court to file a separate petition covering the judgment or judgments of each court.

the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *Id.*

Under Arkansas law, all grounds for state post-conviction relief are to be brought in a Rule 37 petition. Ark. R. Crim. P. 37.2(b). This includes all claims that a sentence was imposed in violation of federal or state law, including challenges to the adequacy of counsel's representation and challenges to the validity of a guilty plea. Ark. R. Crim. P. 37.1 and 37.2(b); *see also Graham v. State*, 358 Ark. 296, 188 S.W.3d 893 (2004) (if defendant desired to challenge a guilty plea on the ground that his attorney was ineffective in permitting the plea to be entered, "the matter could, and should, have been raised in a Rule 37.1 petition"). When conviction is rendered pursuant to a guilty plea, a Rule 37 petition must be filed, in the circuit court which imposed the sentence, within ninety (90) days from the date of entry of the judgment of conviction. Ark. R. Crim. P. 37.2(c).

In the instant matter, the record does not evidence that petitioner entered conditional pleas of guilty, pursuant to Ark. R. Crim. P. 24.3(b)[3] or that he filed petitions for post-

---

[3]Ashford's guilty pleas foreclosed any opportunity for direct review under Arkansas law. *See Payne v. State*, 327 Ark. 27, 28, 937 S.W.2d 160, 161 (1997) ("The law is well settled that a defendant ordinarily does not have a right to appeal a guilty plea except as provided in Rule 24.3(b).") Rule 24.3 of the Arkansas Rules of Criminal Procedure permits a defendant, with the approval of the court and the consent of the prosecuting attorney, to enter a conditional plea of guilty or nolo contendre, reserving in writing the right, on appeal from the judgment, to review an adverse determination of a pretrial motion to suppress evidence.

conviction relief under Ark. R. Crim. P. 37.2 within ninety days of the judgments.  Thus, Petitioner's claims are procedurally defaulted due to his failure to raise them in a timely Rule 37 petition.  *See Moore-El v. Luebbers*, 446 F.3d 890, 896-97 (8th Cir. 2006) (noting petitioner "must present both the factual and legal premises" of a claim to each appropriate state court and afford those courts "a 'fair opportunity' to review its merits.")

To the extent Petitioner's allegations here of a coerced guilty plea, mental incompetence, ignorance of the law, or actual innocence can be construed to raise grounds for excusing his procedural default, they must fail.  The Eighth Circuit has held that "[f]or purposes of reviewing a defaulted constitutional claim, 'the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded ... efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 958 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  An ineffective assistance of counsel claim can be cause for procedural default of a habeas claim if presented to the state court as an independent ground.  *See Watts v. Norris*, 356 F.3d 937, 941 (8th Cir. 2004).  Here, Petitioner failed to present any claims in state court.  Additionally, "[u]nless a federal habeas petitioner makes a conclusive showing of incompetency ..., his alleged mental condition will not establish cause to excuse a procedural default[.]" *Crosby v. Norris*, 2010 WL 4175916, at *7 (E.D. Ark. 2010).  Further, "[t]he law is clear that a petitioner's pro se status, limited education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently *external* to constitute overcoming a procedural default." *Id.* at *6 (emphasis in

original).   Finally, Petitioner's claim of actual innocence does not meet the stringent standards of the doctrine.  *See Schlup v. Delo*, 513 U.S. 298, 324-31 (1995) (exception requires habeas petitioner to support his allegations of constitutional error with new reliable evidence not presented at trial, and to show, in light of the new evidence, "that it is more likely than not that 'no reasonable juror' would have convicted him").   Petitioner's negotiated guilty pleas foreclosed trials.  *See Graham v. Norris*, 2007 WL 437326, at *7 (E.D. Ark. 2007).

In summary, Petitioner has not demonstrated cause and prejudice or actual innocence, and his claims are procedurally barred.  Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (DE #2) should be dismissed in its entirety with prejudice.  The Motion to Amend, DE #14, should be denied as moot.  Furthermore, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(1)-(2); Rule 11, Rules Governing Section 2254 Cases in United States District Courts.

SO ORDERED THIS 20th day of December, 2011.

_____
UNITED STATES MAGISTRATE JUDGE